## Case No. 12,015b.

### ROGERS v. MAY.

[2 Hayw. & H. 185.] [1]

Orphans' Court, District of Columbia. April 30, 1855.

ADMINISTRATOR—CREDITOR—PETITION TO REMOVE.

Where a creditor had been appointed administrator he will not be removed on the petition of a cousin, or next of kin to the deceased.

T. Parker Scott and E. S. Coxe, for petitioner.

Henry May and R. J. Brent, for administrator.

Mr. Scott commenced the argument for the petitioner [Edward Law Rogers], who prays for letters of administration heretofore granted to Henry May, to be revoked. He claims that he is the cousin or next of kin to the deceased. That Thomas Law, Sr., was formerly a resident of Washington, by birth an Englishman, and came to this country at the close of the last century; he had three sons—Thomas, Edmund and George—the last died in infancy. Mr. Law, being a widower, contracted a second marriage with the grandmother of the petitioner, Elizabeth Parke Custis. He then proceeded to show the fruits of that marriage, and to establish the fact that the petitioner is as he claimed the next of kin; he controverted various points in the argument of Mr. May, among them the allegation against Thomas Law, Sr., of bastardy, referring to English as well as American proof in support of legitimacy.

WM. F. PURCELL, J., in delivering his opinion, said: It is not necessary for him to decide on the question of heirship, nor to express an opinion on that point. It appears that Mr. May filed two petitions in 1849, asking to be appointed administrator of the estates of Thos. and Edmund Law, alleging that he was the creditor of the estate of those persons. It was necessary at that time to have a legal representative, because suits were pending in the circuit court, and he was counsel for those persons in their lifetime. There was a remedy afforded in the act of congress of 1846 [9 Stat. 71], authorizing the orphans' court under certain circumstances to require administrators, &c., to give additional securities. He thought that Mr. May had shown that he was a creditor at the time he was appointed administrator, and the court should, therefore, require Mr. May to come into court and give new bonds for the taking care of the estate, to await the further action of the court; the bond to be given within the next ten days. He did not think proper under the circumstances to revoke the letters of administration granted to Mr. May, but this would be done unless Mr. May shall give the required bond. In pronouncing his decision he referred to several authorities, in-

cluding that of 8 Gill & J. 79, in the case of Hoffman v. Gold.

According to the above decision the administrator, Henry May, gave the required bond of $20,000 as additional security.